IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DENISE BOYD                                              PLAINTIFF

V.                        CIVIL ACTION NO.: 5:12-CV-48-DCB-JMR

DOLGENCORP, INC.                                        DEFENDANT

<u>OPINION AND ORDER</u>

This cause is before the Court on Plaintiff's Amended Motion to Remand [**docket entry no. 5**]. Having carefully considered the Motion, Defendant's opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

## I. Facts and Procedural History

Plaintiff Denise Boyd filed a complaint [docket entry no. 1] against Dollar General Corporation in the Circuit Court of Yazoo County, Mississippi, alleging that she was injured when she slipped and fell while shopping at one of its stores.[1] The ad damnum clause in the complaint stated damages in the amount of $74,000. Dollar General, concerned that the facts pled in the complaint could support a greater damages claim, served on Boyd its First Set of Requests for Admission, wherein it set forth the following four requests:

---

[1] Before the instant cause was removed, the Parties entered an agreed order substituting Defendant Dolgencorp Inc. for Dollar General Corporation. The Court will refer to the Defendant as Dollar General in the interest of simplicity. <u>See</u> Agreed Order, docket entry 1-1 at 25-26.

> **Request No. 1:** Admit that the amount in controversy in this proceeding does not exceed $75,000.
>
> **Request No. 2:** Admit that the amount in controversy in this proceeding does exceed $75,000.
>
> **Request No. 3:** Admit that the Plaintiff will never attempt to assert any claim in this proceeding that exceeds $75,000.
>
> **Request No. 4:** Admit that the Plaintiff will attempt to assert a claim in this proceeding that exceeds $75,000.

Def.'s First Set of Reqs. for Admis. to Pl., docket entry no. 1-1 at 55-56. These requests were ignored.

Defense counsel, recognizing that the requests were deemed admitted by virtue of Boyd's failure to respond, <u>see</u> Miss. R. Civ. Pro. 36(a), wrote plaintiff's counsel to inform him that the case would be removed to federal court if no response was provided. Mar. 9, 2012 Letter, docket entry no. 1-1 at 57-59. This letter also went unheeded, and on April 9, 2012, Dollar General filed its Notice of Removal, claiming that this Court has subject matter jurisdiction over the cause of action. Not long thereafter, Boyd filed the present Motion to Remand. In an effort to secure remand, Boyd's attorney attached an affidavit to the Motion averring that he will not seek damages in excess of $75,000 on behalf of his client.

## II. Standard of Review

A federal court has subject matter jurisdiction when the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove an

action filed in state court to the appropriate federal court within thirty days of ascertaining that the action meets these two requirements. 28 U.S.C. § 1446.[2] When a plaintiff moves for remand based on lack of jurisdiction, a defendant bears the initial burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum at the time of removal. Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the defendant carries this burden, the plaintiff must respond by demonstrating with legal certainty that the recovery sought "will not exceed the amount stated in the complaint." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

### III. Analysis

The fact that the amount in controversy is clearly stated as $74,00 on the face of the complaint is the starting point for the Court. It is well-settled that a plaintiff may avoid federal jurisdiction by pleading an amount less than $75,000, as long as the amount is pled in good faith. E.g., Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The burden is on Dollar

---

[2] Section 1446 was amended in December 2011. With respect to motions to remand, the amendments apply to any action or prosecution commenced in state court after early January 2012. Federal Courts and Venue Clarification Act of 2011, Pub. L. No. 91-190, § 105 (Dec. 7, 2011). The complaint was filed in state court on July 29, 2011, and therefore the 2011 amendments do not apply here. Regardless, the Court does not see any significant difference between the standard articulated herein and the procedure outlined in the statute.

General, as the removing party, to convince this Court that $74,000 amount has been pled in bad faith. <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961). Dollar General attempts to meet this burden (1) by arguing that Boyd's failure to stipulate that the amount in controversy does not exceed $75,000 warranted removal and (2) the facts alleged in the complaint indicate that Boyd's damages exceed $75,000. It is upon the first argument that Dollar General's opposition to remand primarily rests.

**1. The Court's Preferred Approach**

Dollar General cites <u>Easley v. Lowe's Home Centers, Inc.</u>, 2007 WL 2127281 (S.D. Miss. July 23, 2007), for the proposition that Boyd's failure to stipulate that the amount in controversy does not exceed $75,000 warranted removal of the case. <u>Easley</u> falls within a widely accepted line of cases from this Court which outlines the so-called "preferred approach" for removing a case when a defendant suspects that the amount in controversy is greater than $75,000. <u>McLain v. Am. Int'l Recovery</u>, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (establishing the "preferred approach"); <u>see also, e.g.</u>, <u>Fields v. Household Bank</u>, 280 F. Supp. 2d 530, 532 (N.D. Miss. 2003); <u>Blount v. Hardcastle</u>, 2006 WL 278567 (N.D. Miss. Jan. 5, 2006); <u>Holmes v. Citifinancial Mortg. Co.</u>, 436 F. Supp. 2d 829 (N.D. Miss. 2006). Put simply, under this approach a defendant asks the plaintiff through state court discovery procedures, e.g., interrogatories, requests for admission, depositions, whether he or

she intends to later seek or accept damages greater than $75,000. McLain, 1 F. Supp. 2d at 632. If the plaintiff answers affirmatively, the discovery response constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[3]

As an initial matter, the Court rejects Dollar General's Easley argument for the simple reason that in this case Boyd's admissions only serve to create additional ambiguity. Dollar General asked Boyd to admit that the amount in controversy was less than $75,000 *and* admit that the amount in controversy was greater than $75,000. If both of these requests are deemed admitted by virtue of Boyd's failure to respond, then Boyd's admissions have the effect of cancelling each other out, nullifying whatever conclusions that can be drawn therefrom. Defense counsel's subsequent letter to Boyd's attorney requesting that Boyd "respond or else we will remove" is not legally binding because it does not constitute an "other paper." McLain, 1 F. Supp. 2d at 630-31 (finding that an attorney's failure to respond to opposing

_____

[3] One of the new amendments to the removal statute appears to codify this view. 28 U.S.C. § 1446(c)(3)(a) provides:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

counsel's refusal to sign a written stipulation did not constitute an "other paper" under the removal statute). Boyd's failure to respond to the Defendant's Requests for Admission or any later correspondence between the Parties cannot form the basis for removal.

Furthermore, while the preferred approach is a helpful tool in ascertaining whether removal is appropriate, any "admission" made under the preferred approach is not necessarily dispositive of whether jurisdiction is proper. See Wilbanks v. North American Coal Corp., 334 F. Supp. 2d 921, 927 (S.D. Miss. 2004) (explaining that the preferred approach has been tempered by the Fifth Circuit's adoption of an equitable exception to the one-year removal bar when forum manipulation is present). For instance, even if the Requests for Admission had been worded in such a way that Boyd admitted that the amount in controversy exceeded $75,000, the Court would decline to summarily conclude that the requirements of 28 U.S.C. § 1332(a) are met without further analysis.[4] The Court should at the very least weigh the admission in light of the other evidence to determine whether the Parties can meet their respective burdens.

Here, the evidence suggests that Boyd's attorney was trying to

---

[4] An admission made via the preferred approach is no more dispositive of the amount-in-controversy dispute than the amount stated on the complaint itself, since both are subject to change. Compare Miss R. Civ. P. 15(a) ("[L]eave to amend shall be granted when justice so requires . . . ."), with Miss. R. Civ. P. 36(b) ("[T]he court may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby . . . .").

contact his client in order to respond to the discovery request, and upon removal, sought to bolster his argument that the $74,000 amount had been pled in good faith by filing his affidavit when he could not reach his client. See Feb. 1, 2012, Letter, docket entry no. 4-1 (stating that Boyd's attorney was attempting to comply with the discovery request and asking for additional time to respond). It does not appear that Boyd is intentionally playing a jurisdictional game with the Court. Cf. Draper v. U.S. Fidelity & Guaranty Co., 2000 WL 268565, at *4 (S.D. Miss. 2000) (finding, in a comparable, but distinguishable factual situation, that the plaintiff's response to a discovery request was intentionally evasive).

**2. The Face of the Complaint**

At this point, the Court can only look to the face of the complaint and the other sparse evidence before it to determine whether it can exercise jurisdiction over the cause. The facts cited in the complaint could perhaps support a claim for damages greater than $74,000, but the facts alone do not indicate that $74,000 is unreasonable amount to compensate Boyd for her alleged injuries. Dollar General highlights the facts that Boyd characterizes her pain as "severe" and describes her treatment as ongoing. But Boyd, as the master of the complaint, gets to establish the value of her pain and suffering, and it would be speculative to conclude without further evidence that an ambulance

7

ride, a few doctors visits, some medication, and physical therapy cost her more than the amount she seeks. It is possible that Dollar General could meet its burden if it had access to Boyd's medical bills and other relevant summary-judgement-type evidence, but there is no indication that Dollar General has been presented with this evidence.

Faced with similar situations in the past, the Court has allowed a plaintiff to file an affidavit establishing with legal certainty that the amount in controversy is no greater than $75,000 before making a determination as to whether remand is proper. Davis v. Office Max, 2011 WL 5983396, at *5-*6 (S.D. Miss. Nov. 29, 2011) (citations omitted); Haley v. Ford Motor Co., 398 F. Supp. 2d 522, 525 (S.D. Miss. 2005) (citations omitted). Boyd attorney's was presumably attempting to comply with this commonly accepted practice by attaching his affidavit to the present Motion to Remand. That affidavit, however, does not and could not bind Boyd, who can circumvent the affidavit's intended effect by finding another attorney to amend the complaint. But it does indicate to this Court that Boyd is amenable to filing such an affidavit if given the opportunity.

Therefore, without making a determination as to whether remand is proper, the Court will allow *Boyd* ten (10) days to file an affidavit with this Court stating that *she* will not seek or accept an amount greater than $75,000, exclusive of interest and costs, in

connection with the present cause of action against Dollar General. Filing such an affidavit would expedite the Court's decision since it would establish with legal certainty that the amount in controversy is less than $75,000 and would additionally serve as a sufficient response to Dollar General's yet-to-be-answered Requests for Admissions. If Boyd chooses not to file an affidavit, the Court will consider whether it will remand the case without the affidavit or whether it will require the Parties to produce all evidence demonstrating Boyd's known and ascertainable damages. See Davis, 2011 WL 5983396, at *6; Haley, 398 F. Supp. 2d at 529.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Plaintiff has ten (10) days from entry of this Order to file a binding affidavit limiting her recovery from the Defendant to $75,000.00, exclusive of interest and costs. If the Plaintiff chooses not to do so, upon the expiration of the ten (10) days another order shall issue either resolving the matter or further instructing the Parties.

So **ORDERED**, this the 31st day of August, 2012.

 /s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**

9